### EDMUND T. ALLEN v. CHARLES GRADY.[1]

July 14, 1916.

Nos. 19,887—(246).

**Replevin by receiver — default of insolvent — equitable interest of defendant.**

The defendant was in possession of personal property, to recover which this action of replevin is brought, under a contract executed in part and in part executory, with the company of which the plaintiff is receiver. The company defaulted in a respect which substantially de-

[1] Reported in 158 N. W. 811.

prived the defendant of the benefit of the contract. Up to that time the defendant had performed. He refused to perform further because of the plaintiff's default. The contract provided that upon default he would surrender possession. It is *held* that he was justified in refusing to perform, that he had an equitable interest in the property though not a legal title, and that the plaintiff is not entitled to possession.

Action in the district court for Wabasha county by the receiver of the O. W. Kerr Company to recover possession of certain hotel furniture or $200 the value thereof and $100 damages for its detention. The case was tried before Granger, J., who made findings and ordered judgment in favor of defendant. From an order denying his motion for a new trial, plaintiff appealed. Affirmed.

*Morphy, Bradford & Cummings* and *Henry W. Morgan,* for appellant. *Oliver P. Bowe,* for respondent.

DIBELL, C.

Action of replevin tried to the court. Findings for the defendant. Plaintiff appeals from the order denying his motion for a new trial.

On February 4, 1914, the O. W. Kerr Company, of which the plaintiff is the receiver, and the defendant entered into a contract for the exchange of a hotel property in Lake City, including the furniture in it owned by the company, for a quarter section of land in South Dakota owned by the defendant. The defendant deeded the company the land, gave it his note for $600 due October 1, 1914, and agreed to pay $50 per month commencing November 1, 1914, until he had paid $6,400. The company agreed to give a deed when the defendant had fully performed, but retained the privilege of deeding subject to a mortgage of $2,500, then on the property and to accept a correspondingly less amount in cash payments. Upon performance by the defendant of all things required of him until October 1, 1914, including the payment of the $600 note, the company agreed to give him a bill of sale of the furniture. The furniture is the property involved in this action. He was given possession when the contract was made. On June 19, 1914, foreclosure proceedings were commenced on the mortgage and the mortgaged property was sold on August 8, 1914. At the time of

the trial the year of redemption had expired. No redemption was made. The defendant at the time of the foreclosure had performed all of the conditions of the contract. The contract provided that, if he defaulted in the payments for 30 days, he would surrender possession of the hotel property and furniture. Because of the foreclosure he did not pay the note which became due October 1, 1914. He was able to pay it and would have paid it except for the foreclosure. The plaintiff seeks possession because of the defendant's default. This default was occasioned by the plaintiff's default. It was the understanding that the mortgage would be cared for by the company. This was at least impliedly agreed. The bill of sale was never executed. The court found that the defendant was the owner of the furniture. He was in possession and had deeded his farm in accordance with the contract and was ready to perform the rest of its terms. He had an interest in the property, at least of an equitable nature, and was entitled to possession, unless his right to possession was forfeited by his failure to pay the $600 note. The foreclosure deprived him of substantially all the value of the contract. He had deeded the company his farm and had received nothing but the furniture. The company having made the first default, and its default being destructive of the whole purpose of the contract, it should not be permitted to enforce a forfeiture of the defendant's right by insisting upon his covenant to surrender. This covenant was made upon the assumption that the company would perform and enable him to become the owner of the hotel property and the furniture.

Order affirmed.